# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID JEEP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07CV1116 CEJ |
| ) | |
| PHILIP JONES, SR., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of David Jeep for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff brings this action under 42 U.S.C. § 1983 against the judges of the Twenty-First Judicial Circuit Court (County of St. Louis, Missouri), and against his ex-wife for alleged violations of his right to due process. Plaintiff alleges that, during the dissolution of marriage proceedings, his wife fraudulently obtained an ex parte order of protection and that the orders in that case were all created by Commissioner Jones and then "rubber stamped" by the circuit court judges. Plaintiff seeks a new hearing on his divorce, custody of his son, and monetary damages.

Upon review of the complaint, the Court initially finds that it lacks jurisdiction over the subject matter of this case, i.e., marriage dissolution and child custody. Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody."). Rule 12(h)(3) of the Federal Rules of Civil Procedure mandates dismissal of an action whenever it appears that the court lacks subject matter

jurisdiction. The Court further concludes that dismissal of the claims asserted against the judges is warranted because they are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Consequently, this action will be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B), and for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as frivolous and for lack of subject matter jurisdiction.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 19th day of June, 2007.

_____
UNITED STATES DISTRICT JUDGE